May it please the Court. My name is Cynthia Yee Wallace, and I represent the appellants in this appeal, whom I'll refer to as the Department, and I would like to reserve three minutes for rebuttal. In this case, the Department is asking this Court to vacate the preliminary injunction entered by the District Court for three primary reasons. Number one, the plaintiffs do not have a protected property interest in DD waiver budgets. Number two, the setting of a calculated budget is not an agency action under the fair hearing regulations. And number three, the Department's proposed budget notice complied with the requirements of Goldberg v. Kelly. What's our standard of review? This is an appeal from a preliminary injunction, not a permanent injunction, correct? Correct. So isn't our standard of review abusive discretion by the District Court? That's correct. And a four-factor test in which we look at probability of success under merits, but various other factors, too. Correct. So why did the judge – and I want to focus on the notice for a second, because that's the issue that most interests me. Okay. Why did the judge abuse his discretion in saying that this large document wasn't appropriate notice? And I want you to focus for a moment on how can I – if I'm – obviously, none of the recipients are going to understand any of this, so we're really talking about a fictional recipient of the notice, their guardian or somebody else. But when somebody gets this notice, can they tell what factors changed for them so as to make their budget lower? Yes. Precisely which ones? Or could they just tell that some factors among many may have changed? Well, I guess I take a little bit of issue with the word change. I mean, if we're talking about a reduction, I think I want to start with the beginning of your question, is that the error in this case was when the court construed the word action to include – I understand, but I'm asking you to assume that you don't – Okay, sure, sure. That you don't win on those issues, that we move right to the issue – Okay. – of whether there's a proper – whether this notice satisfies due process standards. Right. Let me tell you my understanding of this complex case because it may be wrong. But my understanding is that you have this double regression formula, which I'll call for purposes of discussion here the calculations. Sure. And a number of factors go into it, and if the factors have changed from the previous year, that might reduce your budget. Is that fair so far? Are you talking about the weighted variables? Yes. Correct. Okay. And there's a number of those variables that might go in that might – the change of which might affect the amount of your budget. That's correct. And the recipient is not told which precise ones changed and their effect on the budget. Is that correct? They're not. And here's – Okay, so let me just – we're on the same page here. Okay. Doesn't effective notice require at least telling the recipient these four factors changed or these three factors changed or these two factors changed as opposed to saying, I'm going to show you your evaluation from last year and show you your evaluation from this year. Some of those may have had no effect whatsoever in your budget, but some of them may have, and we leave you to guess which ones they are. Right. So with respect to the changing of the variables, does the department have to put in its notice which variables changed, for example, from 2011 to the present? Yeah, with respect to the recipient. No, because those are questions – those are matters of policy and law behind the budget tool. So, for example, the participants, when they receive their calculated budget, they have a right to challenge the – How can they effectively challenge it if they don't know what variables are used to calculate it? You can tell the variables that are used to calculate. How can you tell that? Okay, so if you look at the budget notice, which starts at 143 in the excerpts of record, and I'll just kind of take you through it. It starts with the cover sheet. Right, and then it has a second sheet which has a bunch of check marks. Right. Boxes for check marks. So the variables under the model – so if you look at excerpts of record 143. Yeah, I'm looking at it. Okay, so this is a budget spreadsheet for the traditional model. If you look under the column that says model, that is the default or the set of variables against which your budget is calculated. But it also includes some variables that don't matter for this year's budget, doesn't it? Incorrect, no. There's approximately 123, give or take, possible answers in the inventory of need. You can see, for example, on the traditional model, there are only 13 variables from the inventory of needs that are used to compute the traditional model. When you look under the column model and then you look to the left-hand side, essentially all of the variables that are highlighted are the weighted variables for this particular calculation. So age, waiver, BI age, epilepsy, seizure disorder, those are all the weighted variables for calculating the traditional model. If you look at the next column under calculation, those are the actual figures that were used to calculate this particular participant's budget. So a participant can see what factors affected his or her budget simply by looking at this. If a participant can see what factors affected her budget, does the participant also know that a change in the evaluation of those factors affected her budget as opposed to which factors were used? If a participant compares the prior year budget to the current year, and this is kind of the red herring with respect to the plaintiff's argument, when the Department proposed a notice back in 2012, we were talking about a change in the tool. But as it stands today, the budget tool has not been changed, and these particular weighted variables that we see on the left-hand side have not been changed since 2011. So going forward, if the Department did change the tool in the future, that would become an issue. Let me understand, because this is important to me. Okay. I'm a recipient. Yes. And I've gotten these sets of evaluations in year one. You give me those when you give me this budget notice, and you also give me my set of evaluations in year two. Correct? The next year. The next year. Correct. Okay, the next year. You note on, and I can look at those, or my representative can look at those and see which ones have changed. Correct. And then do I know which changes have made a difference to my budget? I can tell that from 143? Right, because, for example, if last year, for example, you needed, let's say, nursing services monthly, that is not a weighted variable on this spreadsheet. But let's say you need it this year under seizures. Let's say this year you have seizures. You can see whether or not that affected your budget. In other words, you can look at, to the extent that the variable on the inventory of needs is weighted, that you can look at the change based on looking at the spreadsheet. How can I tell what difference it made? I know what the outcome is because you've given me that, but all I know is that you've stuck that variable into this black box, and at the other end it spits a number. Right. What if that number was miscalculated? How can I prove that? If the individual wanted to calculate his or her budget, he would look under the calculation column and would simply do, like an Excel spreadsheet, add up the pluses, minus out the negatives. Counsel, I want to follow up. Wait. Can I just ask one more question, Judge? They can add them up and find out what the total budget is, but can they figure out why the number went down or up? You would have to understand why the needs changed, not why. Okay. Go on, Judge Smith. Okay. Welcome back. I want to pursue a different line of questioning, please. Sure. Then let me clarify one thing before you get to something different. Go ahead, please. You said a moment ago there had been no change in the budget tool. Correct. Since? 2011. Does that mean that all the changes in the amount calculated for a given person result from changes in the perceived circumstances or need of that person? At this point in time, yes. There haven't been any changes since 2011 where they've redetermined what the appropriate amount for this condition is? No. So the costs basically that are associated with the budget tool are from 2009-2010. And basically how this tool worked is it looked at the DD population for, I believe it was from 2009 to 2010, and it said what services are these participants using and what are the costs of those services? And then it plotted that data. This is an oversimplified version. It plotted that data on a line so that you could tell which services are the most significant, being used the most, and what is the cost. From those data points, the department then makes a policy decision as to which of those data points become the weighted variables in the traditional model and the self-directed model. And those are the weighted variables you see on the tool, which are policy decisions of the department which are not subject to challenge. Okay, but put that aside. They're identified. And those haven't changed since 2011? That's correct. Okay. As I was saying, I'd like to pursue a different line of questioning. Sure. If I understood it correctly, you indicated at the beginning of the conversation that there is no property interest on the part of the recipients. Is that correct? That's correct. Okay. Now, you're familiar with the case law, for example, Goldberg v. Kelly and R. Rosas v. McMahon. So that makes it very clear that there's a property interest in continuing to receive government benefits. Do you agree with that? I do agree with that. Okay. All right. So our beginning analysis, then, is to determine whether under the circumstances of Idaho law and basically IDAPA 16.03, 5.13, and so on, whether or not those statutes and regulations clearly entitle the participants to benefit. Correct. Do you agree with that? Absolutely. Okay. So in this particular case, the regulations here seem to require that a participant's individual benefits be re-evaluated each year. Correct. Do you agree with that? Absolutely. Okay. Now, you claim that this is a re-evaluation process that defines the substance of the entitlements. Why would it not be better to characterize it as a process that is a procedure for determining the eligibility for and the amount of the entitlement? I would agree with that assessment. Okay. I would. So given that circumstance and given the fact that this is property, under the circumstances, if you're going to terminate or modify that interest, don't you really get to the Matthews versus Eldridge factors in determining whether a process is due? Well, let me back up. Okay. Under Goldberg, entitlement to benefits is grounded in the statutes that define their eligibility for them. And in this case, when an individual becomes eligible for the DD waiver program, he's entitled to covered services, not budgets, which when you look at the moving papers by the respondent, the property interest that's being defined is, quote, individualized budgets, which is so vague. And as we can see in practice, means does not. Okay. So let me just query you about this, though. Sure. I understand from the perspective of the state it may look that way, but from the perspective of the potential recipient, it's perhaps even life and death. They're going to get certain benefits. If they get less, they may be injured by that, right? Is that a fair statement? I don't think it's a foregone conclusion. Not a foregone conclusion, but the process does contain that possibility. Their benefits may be lowered. They may get less than they had previously. I think what's required is precision in terms of defining the property interest such that you can't simply say less money this year. Okay, but you're not answering my question. Does less money mean less services? The judge found that, didn't he? What's that? The trial judge found that less money equals less services. Right. Okay. So under that circumstance, what deference do we give the trial judges finding that there were less benefits, less services that would come from this? No deference. I mean, it's a de novo review of whether or not the court replied to correct legal. I understand the legal point. In terms of the factual determination, do we give any deference at all to Judge Windmill? Not when it's clearly erroneous. Okay. But I thought you were suggesting something like that. But let's just say for a minute we're dealing with the abstract. It seems to me that based on our conversation and from what I see of the record, that we're really looking at the Matthews versus Eldridge elements, the three factors that we're supposed to consider that determines the amount of due process that they're entitled to. Is that fair? Yes. Okay. Assuming that you find there's a property interest at stake. Right. So you think there's no property interest at all? Not in budgets. In covered services, yes. No due process entitlement to be told that your budget has gone down? No. All you have to be told is that your benefit has gone down? No. Nothing. So that you can – this is what Judge Smith is asking, I think. If you're – let's assume that this case, one of the recipients, her budget goes down. You need provide her no notice whatsoever in your view that this has occurred. A deprivation would not become ripe until the service plan is proposed to the department and rejected. So, for example, simply because a person's budget, calculated budget, has gone down, it is not a foregone conclusion that the services have gone down. It's not – But the judge did make that finding, didn't he? Which was clearly erroneous in the facts of this case. So your position is that even if the budget for somebody goes down, it is always true that their services remain exactly the same? No. That the merits of the – basically that there's no necessary relationship between the calculated budget and what mix of services ultimately become part of a participant's plan. The calculated budget only becomes relevant if a participant is entitled to receive a specific service based upon their need, they include that in the proposed service plan, and the department denies that service because it's over budget. Then the calculated budget becomes relevant. But simply getting the calculated budget at the point in time that a participant gets their notice doesn't mean that there's a necessary relationship as to the hours of service, which vendors are going to be chosen, and what ultimately makes it into a service plan. Again, that number only becomes relevant when a participant – So your answer to my question is that no notice needs to be given when the budget changes. On a theoretical perspective, but because this notice – Constitutionally. That's your position. No property interest, therefore no notice. But because this notice also serves a dual purpose of eligibility, I think the department wants what these folks' assessed needs are to be a settled question by the time they start developing that. Can I ask you a separate question? Sure. There's a statutory requirement here also, so we've been operating – I think the trial court operated under the assumption that the statute and the Constitution are coextensive. Is that your position, too? What do you mean by that? Well, the Medicaid statute may require some sorts of notices under certain circumstances – when actions occur, are you correct? When there's an action under the statute, then some sort of notice is required, correct? Right. But there cannot be an action or some sort of deprivation unless there's a property interest at stake. Right. Is your position that the standard for determining when an action occurs under the statute is the same as the standard for determining whether there's a property interest under the Constitution, or are they different? It's different because the action is talking about whether or not there has been some sort of deprivation, whether or not there has been some sort of detrimental change in the property interest. That is not the same process in terms of what defines a property interest. What defines the property interest in this case is are you eligible to receive DD waiver services? The eligibility criteria is specified. The services are specified. So let me ask you one more question at this point. Sure. Can there be an action even in the absence of a property interest? No, because – Okay. Okay. I know your position. Okay. My three minutes, but are there any other questions? There are, but I think our time is probably exhausted. Okay. Thank you. Good morning, Your Honors. Richard Epping for the Medicaid recipients. The district court used the right rule for defining action, used the very same rule that the department wants it to use. It looked at the program. It's clear that it understood the program. It applied that rule defining an action and said, yeah, that's an action. That's the end of the abuse of discretion inquiry. Same thing with the notice. Tell me what there is in this notice. It's a long notice. What piece of information doesn't it give you that would allow you to decide whether to appeal? What this notice tells you is what happened to you. What it needs to tell you is why. That's what this court's decision in Barnes v. Healy says. Counsel, this is what I was interested in asking your opposing counsel. She says it does tell you why. If you go to page 143, you'll see the factors that, and look at your two sets of evaluations. You'll see the factors that changed and why your budget changed. Well, there's two problems with it, Your Honor. The main one is this. Those decisions of let's say one year I'm determined to need complete support for feeding. Somebody has to feed me every day. And the next year the department's assessor says, well, you can do this with limited support. I don't know what word they used, but you can do this with limited support. That call by the assessor is never explained. But explaining it is different than a notice, isn't it? When we conduct discovery in court, somebody gets a notice that I think you've cheated me, and then you go and conduct discovery and you find out why. Isn't it enough for the purposes of the notice for them to say we've concluded you can feed yourself this year, and therefore your budget has gone down, and let you then file, if you disagree, file an appeal and ask how they concluded that? Do they have to explain every decision in their notice? I think, Your Honor, the answer under a different fair hearing regime might be yes. However, under this fair hearing regime, the answer is no, because I can't go to my fair hearing and say, you know what, hearing officer, I need total support for feeding this year. Why can't you? Well, take a look at, for instance, the... Use the example you just met. Let's assume that's one of the assessment tools. Can you feed yourself? I know it's not, but let's assume it's one of the assessment tools. And last year the assessment was you couldn't feed yourself, and this year the assessment is you can. And you're the guardian or the recipient, and you say that's baloney. Right. Can't you go to the hearing and say that assessment tool was incorrectly applied? I wish you could. That would make these hearings a lot different, and it might make the notice requirements different. So what I was looking for in the supplemental excerpts at page 456, you'll see one of the class representatives tried this very thing, and this was a question of whether or not you could get a higher budget because of, I think, sexual endangerment, and tried to go to the hearing officer and say, well, I didn't know that the assessor needed this information about sexual endangerment, so here I have it with me. And the hearing officer says, I realize this is really troubling, but I can't do anything about it at this point. What do we take out of one hearing officer's perhaps botching of a hearing? As I read the regulations, I know they're not easy to read, but shouldn't you be entitled to bring this up at the hearing? Is there a legal bar to it? Yes. If that hearing officer made a mistake, you could have appealed. My question is, what stops you from doing that? What stops you from doing that is a rule of the Idaho Administrative Code that is at 16.05.03.131, and I'm pretty sure that this is cited in the case that I was just explaining, which says that you can't bring to the hearing officer any information that the department didn't have when it made the initial decision. So when its assessor sits down with your respondent. Wait a minute. This is a department spreadsheet, so the department obviously had that information. How does that rule exclude the ability to reference what it says in the spreadsheet or to further pursue that question? Your Honor, the information I'm talking about is information when that assessor makes that call about whether I need total support for feeding or limited support for feeding. Ordinarily, I think what happens is the assessor hears what looks at the information that she has before her and makes a call. And what I have to do when I go to the fair hearing is explain to that fair hearing officer why the assessor made the wrong call. But aren't you complaining here about something different than the complaint in the case? The complaint in the case, as I read it, and what Judge Windmill did, was said you didn't get appropriate notice that allowed you to decide whether to appeal. You now seem to be complaining about the appeal process. But in terms of the process that exists, why isn't this appropriate notice? Well, for the changed assessment ratings, the reason why it's not appropriate notice is because the assessor, all the assessor needs to say is, this is why I made the decision that you needed limited support for feeding. It's a very one-sentence explanation, I think. So you have an explanation, and you appeal, and you say the assessor, on the basis of the information in front of her, made the wrong call. Here was the information in front of her, and she made the wrong call. You may have a separate problem with the assessment process, but that's not why we're here. That's right. We're here about the sufficiency of the notice. So why doesn't this give you sufficient notice to go to this limited hearing and say,
judges: Clifton, Smith, Hurwitz